## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD OCEAN : CIVIL ACTION
881 Erskine Street :
Apartment 504 :
Brooklyn, NY 11239 :
:
              Plaintiff :
:
    vs. :
:
NATIONAL RAILROAD PASSENGER :
CORPORATION (AMTRAK) : JURY TRIAL DEMANDED
:
          Defendant : NO.

## COMPLAINT

1. The plaintiff herein is Edward Ocean, a citizen and resident of the State of New York, residing therein at 881 Erskine Street, Apartment 504, Brooklyn, New York 11239.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and

1

its territories.

5.    At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen, contractors, subcontractors, and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6.    At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.    At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a trackman and a driver.

8.    All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen, contractors, subcontractors, and/or employees.

9.    As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries; has been unable to attend to his usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10.    The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about Tuesday, June 24, 2025 at approximately 2:47 p.m., plaintiff was working as a driver and had been assigned to transport other Amtrak employees around Sunnyside Yard in a Chevrolet Express van provided by the defendant.

12. On that date, plaintiff's supervisor and foreman, Raul Alvarez, instructed the plaintiff to go obtain ice and water for work crews.

13. Plaintiff then returned to the defendant's Sunnyside Yard and was in the process of discharging two coworkers when a F-250 pickup truck, also owned by the defendant and operated by the defendant's employee, struck the Chevrolet Express van causing the severe and permanent injuries described below.

14. The striking F-250 pickup truck was operated by defendant's employee, Paul Bittenbender.

15. As a result of the negligence of the defendant, its agents, servants, workmen, and/or employees, including, but not limited to, failing to properly direct work traffic in its Sunnyside Yard; failing to maintain a constant and proper lookout for other vehicles; failing to properly and safely operate the F-250 pickup truck; failing to properly assign and train drivers, including Paul Bittenbender; failing to prepare and implement a Job Safety Analysis for the assigned task; and failing to warn the plaintiff of the aforementioned dangerous conditions; the plaintiff sustained the serious, painful and permanent injuries described below.

16. The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen, and/or employees, and by the defendant's violation of the Federal Employers' Liability Act and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

3

17.    As a result of the aforesaid incident, the plaintiff sustained serious and permanent injuries to his body including, but not limited to, multi-level cervical spinal injuries and aggravation of disc disease, cervical radiculopathy, multi-level lumbar spinal injuries with aggravation of lumbar disc disease and resulting lumbar radiculopathy; rotator cuff injury of the right shoulder, a torn medial meniscus of the right knee and aggravation of patellar chondromalacia requiring surgical repair on January 20, 2026; bilateral ulnar neuropathy and cubital tunnel injury requiring surgical repair on January 2, 2026.  Some or all of the plaintiff's injuries may be permanent in nature and the full extent of the plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

Dated:  April 27, 2026                BY:

MICHAEL J. OLLEY, ESQUIRE
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone:  610-668-9800
Facsimile: 610-667-3352
Attorney for Plaintiff Edward Ocean

4